FILED
CLERK, U.S. DISTRICT COURT
OCT - 2 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: rsm DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

MATTIAS BLIXTH,
aka "Matthew Blixth,"

Defendant.

CR No. 2:24-CR-00585-FMO

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of Drug Trafficking Crimes; 18 U.S.C. §§ 922(g)(1), (9): Prohibited Person in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 25, 2024, in Los Angeles County, within the Central District of California, defendant MATTIAS BLIXTH, also known as "Matthew Blixth," knowingly and intentionally possessed with intent to distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]

propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 25, 2024, in Los Angeles County, within the Central District of California, defendant MATTIAS BLIXTH, also known as "Matthew Blixth," knowingly and intentionally possessed with intent to distribute phencyclidine ("PCP"), a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about July 25, 2024, in Los Angeles County, within the Central District of California, defendant MATTIAS BLIXTH, also known as “Matthew Blixth,” knowingly and intentionally possessed with intent to distribute methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about July 25, 2024, in Los Angeles County, within the Central District of California, defendant MATTIAS BLIXTH, also known as "Matthew Blixth," knowingly possessed a firearm, namely, a Taurus Armas, model G3C, 9x19 caliber semi-automatic pistol, bearing serial number ADA839849, in furtherance of drug trafficking crimes, namely, possession with intent to distribute fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count One of this Indictment; possession with intent to distribute phencyclidine ("PCP"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Two of this Indictment; and possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment.

COUNT FIVE

[18 U.S.C. §§ 922(g)(1),(9)]

On or about July 25, 2024, in Los Angeles County, within the Central District of California, defendant MATTIAS BLIXTH, also known as "Matthew Blixth," knowingly possessed a firearm, namely, a Taurus Armas, model G3C, 9x19 caliber semi-automatic pistol, bearing serial number ADA839849, and ammunition, namely, six rounds of Patlayici Sanayi A.S. (ZSR) 9mm Luger caliber ammunition, each in and affecting interstate and foreign commerce.

Defendant BLIXTH possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, punishable by a term of imprisonment exceeding one year:

1. Possession of a Firearm by a Felon, in violation of California Penal Code Section 29300(a)(1), in the Superior Court for the State of California, County of Los Angeles, case number LA095949, on or about December 20, 2021;

2. First Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, case number PA090307, on or about June 13, 2018; and

3. Injury to a Spouse, Cohabitant, Boyfriend, Girlfriend, or Child's Parent after a Prior Conviction, in violation of California Penal Code Section 273.5(f)(1), in the Superior Court for the State of California, County of Los Angeles, case number LA078803, on or about September 9, 2014.

Additionally, defendant BLIXTH possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following misdemeanor crimes of domestic violence:

1. Domestic Battery, in violation of California Penal Code Section 242-243(e)(1), in the Superior Court for the State of California, County of Los Angeles, Case Number 5PY02628-01, on or about June 23, 2015;

2. Infliction of Corporal Injury on a Spouse/Cohabitant, in violation of California Penal Code Section 273.5(a), in the Superior Court for the State of California, County of Los Angeles, Case Number 4SR01961, on or about May 29, 2014; and

3. Cruelty to Child, in violation of California Penal Code Section 273a(a), in the Superior Court for the State of California, County of Los Angeles, Case Number 3PY05559-01, on or about October 25, 2013.

FORFEITURE ALLEGATION ONE

[[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offenses set forth in any of Counts One through Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which said defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property

described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Four through Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

DANBEE C. KIM
Assistant United States Attorney
General Crimes Section